IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **LOUISE GALBREATH,** | ) | |
| Plaintiff, | ) ) ) | SEP 30 2001 |
| vs. | ) ) | |
| **EDDIE HAMLET, HELEN HAMLET, DOUGLAS HAMLET d/b/a HAMLET'S INC., HAMLET'S CUSTOM EMBROIDERY, NATIONAL EMBROIDERY BOBBIN, NATIONAL EMBROIDERY BOBBIN SUPPLY,** | ) ) ) ) ) ) ) | Civil Action Number<br><br>00-C-3153-M<br><br>**ENTERED**<br>OCT 1 2001 |
| Defendants. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON DEFENDANTS' SUMMARY JUDGMENT MOTION

This is an alleged copyright and trademark infringement action. Based on the undisputed facts which follow, the Court finds and concludes that Defendants are entitled to judgment as a matter of law.

1. In her November 2000 *pro se* complaint, Plaintiff Louise Galbreath asserted claims against Defendants for trademark infringement, copyright infringement, and unfair competition.

2. On November 18, 1996, Plaintiff filed for personal bankruptcy, arising out of Defendant's attempts to collect on a state court judgment owed to them by her. In her bankruptcy petition, Plaintiff swore that she owned no patents, copyrights, licenses, or other general intangibles. Based on the petition, Plaintiff was granted a Chapter 7 bankruptcy discharge on February 22, 1997.

54

3. Plaintiff filed several other lawsuits in this Court alleging copyright infringement. These include *Galbreath v. Harden,* CV-00-AR-3156-M; *Galbreath v. Intertec Publishing,* CV-97-P-3202; and *Galbreath v. Hamlet,* CV-97-S-3051-M. In the latter case, Plaintiff made the same copyright and unfair competition claims against Defendants as she makes in this case. There, Judge Smith granted Defendants' motion for summary judgment, finding that Plaintiff was judicially estopped from asserting the copyrights and pursuing any copyright claims. The judge reasoned that Galbreath's failure to disclose the copyright in her Chapter 7 case precluded her from asserting a violation of the copyright. The United States Court of Appeals for the Eleventh Circuit affirmed Judge Smith's decision, holding that:

> [b]ecause the district court correctly concluded that, having failed to disclose her copyright-infringement claims on her bankruptcy schedules, [Galbreath] was judicially estopped from presenting the claims in this law suit, we find no abuse of discretion in the court's ruling. The dismissal of this action was entirely appropriate.

*Galbreath v. Hamlet et al.,* No. 98-6392, Non-Argument Calendar, 1999 (unpublished opinion).

4. Plaintiff's claims in this case are predicated on the copyrights relied on in her earlier lawsuit dismissed by this Court, as well as an alleged trademark ("parallel wind") which Plaintiff claims to have used since January 1960.

Conclusions of Law

1. Plaintiff's copyright claims are barred by the doctrines of *res judicata,* collateral estoppel, and judicial estoppel.

2. Plaintiff's trademark claim is barred by the doctrine of judicial estoppel. While aware of this "parallel wind" mark, license, or general intangible when she completed her bankruptcy petition, Plaintiff swore that she possessed no such assets.

Since the Court's extended judicial discussions of the relevant facts and law in her

previous cases have apparently been of little guidance to Plaintiff, the Court will forego the opportunity to engage in such discussions here. Suffice it to say that based on the undisputed facts, Defendants are entitled to judgment as a matter of law.

By separate order, the motion for summary judgment will be granted.

Done this 30th day of September, 2001.

Chief United States District Judge
U.W. Clemon